**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Crim. No. 10-339 (PJS/JJK) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| (4) Gabriel Damas Martinez, | |
| Defendant. | |

Jeffrey S. Paulsen, Esq., Assistant United States Attorney, counsel for Plaintiff.

F. Clayton Tyler, Esq., F. Clayton Tyler, PA, counsel for Defendant Martinez.

JEFFREY J. KEYES, United States Magistrate Judge

This matter is before the Court on Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. 120), and Defendant's Motion to Suppress Statements (Doc. No. 127). This Court held a hearing on the motions on February 25, 2011, and received testimony from Officer William Cytreszewski. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1.

For the reasons stated below, this Court recommends that Defendant's motion to suppress evidence be denied, and Defendant's motion to suppress statements be granted, as further stated herein.

**BACKGROUND**

On November 28, 2010, Defendant was pulled over by Officer William Cytreszewski of the Eagan police department based on a seatbelt violation. During the stop, the Officer smelled the odor of burnt marijuana emanating from Defendant's car. Officer Cytreszewski then asked Defendant when he last smoked marijuana. Defendant admitted to smoking marijuana a few minutes before in the car, and handed a small bag of marijuana to the Officer. Officer Cytreszewski testified that based on this information, he believed that Defendant's car would contain more drugs. Defendant was asked to step out of the car, which he did. Officer Cytreszewski proceeded to search Defendant's vehicle and found, among other things, a plastic bag containing suspected methamphetamine. Defendant was then arrested, handcuffed and placed in the back of the squad car. At some point after Defendant was arrested, Officer Cytreszweski asked Defendant, "What's inside the bag?" Defendant apparently denied any knowledge of the methamphetamine. (Doc. No. 134, Gov't. Resp. 6.) Testing established that the bag contained one pound of methamphetamine. (*Id.*)

Based on the above, Defendant was subsequently indicted on one count of conspiracy to distribute methamphetamine, cocaine, and marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Doc. No. 62.)

I.  **Defendant Motion to Suppress Evidence Obtained as a Result of Search and Seizure**

Defendant argues that the Government lacked probable cause to search his car without a warrant, and that the evidence subsequently obtained from the car should therefore be suppressed. This Court disagrees.

"[A]ny traffic violation, even a minor one, gives an officer probable cause to stop the violator. [In such a case,] the stop is objectively reasonable and any ulterior motivation on the officer's part is irrelevant." *Johnson v. Crooks*, 326 F.3d 995, 998 (8th Cir. 2003) (alteration in original) (quotations omitted); *United States v. Walker*, 555 F.3d 716, 720 (8th Cir. 2009) ("[A]ny traffic violation provides probable cause for a traffic stop."). And "[p]olice may search a car without a warrant if they have probable cause to believe that the car contains contraband or evidence." *U.S. v. Jennings*, No. 06-4109, 2007 WL 2142260, *1 (8th Cir. Jul. 27, 2007) (quoting *U.S. v. Neumann*, 183 F.3d 753, 755 (8th Cir. 1999)). "The law of this circuit dictates that the odor of burnt marijuana gives an officer probable cause to search a person's vehicle for drugs." *Id; United States v. Davis*, 569 F.3d 813, 817 (8th Cir. 2009); *U.S. v. Peltier*, 217 F.3d 608, 610 (8th Cir. 2000); *U.S. v. McCoy*, 200 F.3d 582, 584 (8th Cir. 2000); *U.S. v. Caves*, 890 F.2d 87, 90-91 (8th Cir. 1989).

Here, Defendant's seatbelt violation provided probable cause for the initial traffic stop. And the evidence gathered during the initial traffic stop gave the Officers probable cause to search Defendant's car for drugs.

Just last week, the Eighth Circuit upheld a warrantless search of a vehicle under the automobile exception under circumstances virtually identical to those present here. *See U.S. v. Brown*, ----F.3d---, No. 10-1237, 2011 WL 798842, *3 (8th Cir. Mar. 9, 2011). There, after seeing a car with activated emergency flashers parked on the shoulder of the road, the officer decided to check whether that car's occupants needed assistance. *Id.* at *1. So he left his patrol car and approached the driver's side of the car to speak with the driver. *Id.* When the driver lowered the driver's side window, the officer smelled the distinct odor of burnt marijuana. *Id.* The officer asked whether the vehicle occupants needed assistance. *Id.* One of the passengers explained that they were waiting for a friend to arrive with a can of oil. *Id.* The officer then asked "Who's smoking the weed?" *Id.* One of the passengers admitted smoking marijuana. *Id.* Relying on *Davis,* 569 F.3d 813 at 817, and *Neumann*, 183 F.3d at 756, the Court determined that:

> Here, Deputies Starner and Caudill each smelled the distinct odor of burnt marijuana emanating from the vehicle. When asked about the odor, Anderson admitted smoking marijuana. Considering these circumstances, there was a reasonable probability marijuana was located inside the vehicle and the officers had probable cause to search the entire vehicle for illegal drugs.

*Id.* at *3.

The same holds true here.  If anything, the evidence underlying the probable cause in this case is even more compelling than that in *Brown*.  Here, in addition to the burnt marijuana odor and Defendant's admission of smoking marijuana a few minutes earlier in the car, Defendant voluntarily gave Officer Cytreszewski a bag with marijuana after the Officer inquired about marijuana and before the search.  Thus, this Court concludes that the search of Defendant's car was lawfully performed under the automobile exception to the warrant requirement and the evidence seized as a result of the execution of the search warrant need not be suppressed.

## II.     Defendant's Motion to Suppress Statements

Defendant also seeks to suppress any statements in response to the officers' post-arrest questions that were not preceded by a *Miranda* warning.  (Doc. No. 128, Def's Mem. 1.)  In its written submissions and at the motions hearing, the Government represented that it does not intend to use Defendant's post-arrest statements in its case-in-chief but reserves the right to use them for impeachment or rebuttal purposes.  (Doc. No. 133, Gov't. Resp. 6.)   In the interest of completeness, this Court addresses the merits of the suppression motion nonetheless.

Officer Cytreszewski testified that after Defendant was arrested, handcuffed, and placed in the back of the squad car, he was asked about the bag of methamphetamine, "what's inside the bag"?   The officer testified that the

question was not preceded by a *Miranda* warning.  According to the Government, Defendant denied any knowledge about methamphetamine.  (*Id.*)

*Miranda* warnings must precede any custodial interrogation.  *Miranda v. Arizona*, 384 U.S. 436, 461 (1966).  *Miranda* requirements arise only when a defendant is both in custody and interrogated.  *United States v. Head*, 407 F.3d 925, 928 (8th Cir. 2005).  Here, Defendant was in custody when the statements were made, Officer Cytreszewski's question was a form of interrogation, and Defendant had not yet been given his *Miranda* warnings.  *See United States v. Broines*, 390 F.3d 610, 612 (8th Cir. 2004).  Accordingly, these statements should be suppressed.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. 120), be **DENIED**; and

2. Defendant's Motion to Suppress Statements (Doc. No. 127), be **GRANTED** to the extent it seeks suppression of Defendant's post-arrest statements in response to questions that were not preceded by a *Miranda* warning.

Date: March 17, 2011

                                        *s/Jeffrey J. Keyes*
                                        JEFFREY J. KEYES
                                        United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 31, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen** after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.